**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

FRANKLIN FATUSIN,

    Petitioner,

v.                                  CASE NO. 4:11cv163-MP-WCS

ERIC H. HOLDER, et al.,

    Respondents.

_____/

**O R D E R**

    This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated October 18, 2011, which recommends that the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Franklin Fatusin be denied. (Doc. 22). The petitioner filed timely objections to the magistrate judge's Report and Recommendation, which this Court reviews *de novo*, pursuant to Title 28, United States Code, Section 636(b)(1)(C).

    Petitioner seeks release from custody pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).  In *Zadvydas*, the Supreme Court held that the continued detention of legal permanent aliens beyond the mandated 90-day removal period was permissible under the Constitution, but only for as long as was "reasonably necessary to bring about that alien's removal from the United States."  *Id.*, at 689, 121 S. Ct. at 2498.  For the sake of uniform administration by the federal courts, the *Zadvydas* Court held that "the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Clark v. Martinez*, 543 U.S. 371, 125 S. Ct. 716, 722 (2005), *quoting Zadvydas*, 533 U.S. at 701, 121 S. Ct. at 2505.  The Court also concluded that if "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699, 121 S. Ct. at 2503.

The magistrate judge recommends denying the petition on two grounds. First, the six-month period of removal pursuant to *Zadvydas* has been tolled as permitted by 8 U.S.C. 1231(a)(1)(C) because on July 7, 2011, the petitioner failed to board a flight to Nigeria. The petitioner denies any knowledge of the July 7, 2011, flight and asserts that he was detained in the Wakulla County Jail on that date. The Report and Recommendation merely states that the petitioner "has not shown with credible evidence that this was so."

The magistrate judge also recommends denying the petition because the petitioner has failed to demonstrate that his removal is unlikely in the reasonably foreseeable future. The Report and Recommendation states that "in light of the fact that Nigeria issued travel documents for Petitioner on June 1, 2011," he has not met this requirement. The petitioner also denies any knowledge of the travel documents and argues that the government would have submitted them as evidence if they in fact existed. The only evidence submitted by the government of either petitioner's failure to board the July 7, 2011, flight or the travel documents is Deportation Officer, Deborah Pasterak's declaration, which is based on a review of petitioner's file rather than personal knowledge.

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that this case should be referred back to the magistrate judge for an evidentiary hearing on these factual disputes.

Accordingly, this case is referred back to the magistrate judge for an evidentiary hearing on the question of whether the petitioner failed to board the July 7, 2011, flight and whether the country of Nigeria did in fact issue travel documents to the petitioner for this purpose.

**DONE and ORDERED** this 23rd day of January, 2012.

 s/ *M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**