**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FRANKLIN FATUSIN,**

    Petitioner,

vs.                                                   Case No. 4:11cv163-MP/CAS

**ERIC H. HOLDER, et al.,**

    Respondents.

_____/

## THIRD REPORT AND RECOMMENDATION

    An evidentiary hearing was held in this case on February 28, 2012.  Doc. 31. Following the hearing, a second report and recommendation was entered recommending that Petitioner's pro se amended § 2241 petition for writ of habeas corpus, doc. 12, be denied.  Doc. 32.  That recommendation was entered because the evidence in the hearing established that travel documents had previously been issued for Petitioner's return to Nigeria, but Petitioner would not comply with removal efforts. Doc. 32.  Petitioner was shown the first page of the travel documents, but said he did not want to be deported, he pulled away from the Immigration Officer who was at the jail to escort Petitioner to his flight, and he made allegations to the Nigerian Consulate that he has pending litigation so as to preclude issuance of another travel document.  *Id.*

The conclusion from that hearing was that Petitioner could have already been removed and, hence, released from detention if he had cooperated in July 2011.  *Id.*

Petitioner has now filed a document which is entitled "Emergency Motion" on the first page, and "Motion for Summary Judgment" on the second page.  Doc. 40. Petitioner asserts that he is "incarcerated because of this case." *Id.* at 1.  He states that his prolonged detention "has been going on for too long." *Id.* at 2.  Petitioner gives a history of his case and presents argument about prolonged detention.  What Petitioner does not do, however, is admit his prior refusal to comply with immigration officials in the past, acknowledge that his continued detention is due to his own actions, or indicate any change in conduct or attitude that would warrant vacating the second report and recommendation, doc. 32, which is still pending.

Petitioner's instant motion, doc. 40, fails to show that his petition should be granted and he should be released from detention because he is unable to demonstrate that his removal is not significantly likely to occur when Petitioner is willing to cooperate in his removal.  In <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court established a presumptive period of removal, but it does not require that detainees be released from detention after that period.  Continued detention is permissible under the Constitution and by statute.  A removal period "shall be extended . . . and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).   Petitioner's extended period of detention is due to Petitioner's own actions in attempting to thwart

his removal.  He "cannot trigger [a constitutional right to be free from indefinite detention by the INS] with his outright refusal to cooperate with INS officials."  Sango-Dema v. District Director, I.N.S., 122 F.Supp.2d 213, 221 (D. Mass. 2000).  The removal period has been tolled as permitted by 8 U.S.C. § 1231(a)(1)(C) because of Petitioner's conduct, this § 2241 petition should be denied, the motion for summary judgment, doc. 40, should be denied, and Respondents are entitled to continue Petitioner's detention pursuant to 8 U.S.C. § 1231(a)(1).

Accordingly, it is **RECOMMENDED** that the emergency motion for summary judgment, doc. 40, be **DENIED**, and that the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Franklin Fatusin, doc. 12, be **DENIED.**

**IN CHAMBERS** at Tallahassee, Florida, on August 2, 2012.


 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**